UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CLAUDE COX A/K/A CANDY LEE                                           PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:14-CV-P212-R

BRUCE VON DWINGELO et al.                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Claude Cox a/k/a Candy Lee, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

**I. SUMMARY OF CLAIMS**

Plaintiff is a prisoner at the Kentucky State Penitentiary (KSP).  He names as Defendants in their individual capacities the following employees of KSP:  Bruce Von Dwingelo, caseworkers Marshall Peek and Mike Spendler, Deputy Warden Skyla Grief, and Warden Randy White.

Plaintiff alleges that when he "checked into the whole" he told Defendants Von Dwingelo, Peek, and Spendler that he needed to go "back up to protective custody and they refused to grant me protective custody."  He states that his "life is in danger on this yard and I told them five name's of inmate's were charging me yard taxes so I was actually forced to check back in too protective custody and they have refused it."  As relief, he asks for monetary and punitive damages and an emergency transfer.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

On initial review, the Court will allow the claims against Defendants Von Dwingelo, Peek, and Spendler to continue. In doing so, the Court expresses no opinion on the ultimate merit of those claims.

However, Defendants Grief and White will be dismissed from this action. Other than naming them as Defendants, the complaint does not mention Defendants Grief and White. Some factual basis for claims against a Defendant must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Plaintiff must allege specific facts that explain

2

how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to these Defendants. As such, the claims against these Defendants must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

Moreover, these Defendants cannot be liable simply by virtue of their supervisory positions, *i.e.*, as Warden and Deputy Warden of KSP. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Consequently, the Court finds that Plaintiff has not stated a claim against these Defendants.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that the claims against Defendants Grief and White are **DISMISSED** for failure to state a claim pursuant to § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to terminate Defendants Grief and White as parties to this action.

A separate Scheduling Order will be entered to govern the development of the remaining claims.

Date:


cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009