# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT PADUCAH

CLAUDE COX A/K/A CANDY LEE                                            PLAINTIFF

v.                                          CIVIL ACTION NO. 5:14-CV-212-GNS

BRUCE VON DWINGELO, *et al.*                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

These matters are before the Court upon two motions for summary judgment (DN 17 & 18) by Plaintiff, who is proceeding *pro se*, and a cross-motion for summary judgment (DN 19) by Defendants. Fully briefed, these matters are ripe for decision. For the following reasons, Plaintiff's motions for summary judgment will be **DENIED** and Defendants' cross-motion for summary judgment will be **GRANTED**.

## I.  PROCEDURAL HISTORY

Plaintiff Claude Cox a/k/a Candy Lee was a prisoner at Kentucky State Penitentiary (KSP) when he filed a civil-rights complaint under 42 U.S.C. § 1983 on November 25, 2014.[1] In his complaint, Plaintiff alleged that when he "checked into the whole" he told Defendants Von Dwingelo, Peek, and Spendler that he needed to go "back up to protective custody and they refused to grant me protective custody." He further stated this his "life is in danger on this yard and I told them five names of inmates were charging me yard taxes so I was actually forced to check back into protective custody and they have refused it." As relief, he asked for monetary and punitive damages and an emergency transfer. Defendants filed a Motion to Dismiss (DN 13) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and it was denied by Memorandum and Opinion (DN 21) of this Court on September 1, 2015.

---

[1] Plaintiff was transferred to Green River Correctional Complex on September 24, 2015 (DN 24, Ex. A) but has since returned to KSP (DN 27).

## II.  FACTS

Defendant Bruce Von Dwingelo is a unit administrator at KSP.  In his affidavit, he states that Plaintiff requested protective custody on October 18, 2014, because he was being pressured to pay "yard tax" by five inmates (Defs.' Br., Ex. C, Von Dwingelo Affidavit, p. 1).  Plaintiff gave Defendant Von Dwingelo the names of those five inmates.  (Id.)  In accordance with KSP policy, Plaintiff was immediately placed in administrative segregation and isolated pending the investigation of allegations and request.  (Id.)  The KSP Internal Affairs Department began their investigation on October 20, 2014, and determined that it could not substantiate Plaintiff's allegations.  (Id.)  Based on this finding, on November 10, 2014, KSP's Prison Classification Committee determined that Plaintiff would not be assigned to protective custody at that time.  Plaintiff appealed the committee's decision to the Warden's Office.  (Id.)   The Warden's Office reviewed the Prison Classification Committee's decision on November 30, 2014, and upheld their recommendation based upon its finding that Plaintiff's claims could not be established as "credible or factual."  (Id.)   Plaintiffs' request for protective custody was then forwarded to the Kentucky Department of Corrections' (KDOC) Classification Committee.  KDOC's Classification Committee upheld the decision of the KSP Classification Committee.  (Id., p. 2).  After Plaintiff was released to the general population, Defendant Von Dwingelo saw Plaintiff in the yard and asked him how he was doing.  According to Defendant Von Dwingelo, Plaintiff told him that he was "okay."  (Id.)

Plaintiff made two subsequent requests for protective custody at KSP – one on December 3, 2014, and another on February 20, 2015 – after he filed his complaint.  (Id., p. 2; Defs.' Br., Ex. B, Protective Custody Form).  In Plaintiff's December 3, 2014, request, he reported that three inmates were pressuring him to buy commissary items and pay a "yard tax." (Id.)  This request for protective custody followed a trajectory similar to his October 18, 2014,

request and the KDOC Classification Committee ultimately determined that Plaintiff should not be placed in protective custody.  Plaintiff was informed of this decision on January 9, 2015.  (Id.)

On February 20, 2015, Plaintiff again requested protective custody stating that two inmates were requiring him to pay a "yard tax."  During the investigation, one of the inmates was transferred and Plaintiff stated that he was no longer having problems with the second.  (Defs.' Br., Ex. B., Protective Custody Form).  On June 2, 2015, Plaintiff signed a form stating that he had been offered protective custody but refused it.  (Defs.' Br., Ex. A, Protective Custody Waiver).

On September 24, 2015, Plaintiff was transferred to Green River Correctional Complex so that he could participate in its substance abuse program.  (Defs.' Reply, Ex. A, Miller Affidavit).   By letter filed on November 4, 2015, Plaintiff notified the Court that he had returned to KSP.  (DN 27, Notice of Change of Address).

### III. LEGAL STANDARD

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U .S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986).  Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]"  Fed. R. Civ. P. 56(c)(1).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson*, 477 U.S. at 252.

## IV. ANALYSIS

### A.  Plaintiff's Motions for Summary Judgment

In his first motion for summary judgment, Plaintiff argues that summary judgment should be granted to him because Defendants "have failed to reply to his last motion."  In his second motion for summary judgment, he states that he is entitled to summary judgment because Defendants have "not sent any discovery" and have denied him "all copies of documents and all letters and depositions of all transcripts and any affidavits and declarations on dealing with this civil rights case."  Plaintiff contends that Defendants' failure to provide discovery violates Fed. R. Civ. P. 56(f).  The Court will consider each of these arguments in turn.

First, the Court can find no motion by Plaintiff in the record to which Defendants have failed to respond.  Second, if Plaintiff is actually referring to the fact that Defendants have not yet filed an answer to his complaint, the Court notes that when Plaintiff filed his first motion for summary judgment, Defendant's motion to dismiss was pending.  Because Defendants are not required to file a responsive pleading while a motion to dismiss is pending, Plaintiff is not entitled to summary judgment on this ground.  *See, e.g., Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060 (C. D. Cal. 2008); *Rivera v. AuthorHouse*, No. 3:07cv268, 2008 U.S. Dist. LEXIS 2164, at

*33-34 (N. D. Ind. Jan. 10, 2008).  Thus, the Court will deny Plaintiff's first motion for summary judgment.

With regard to Plaintiff's second motion for summary judgment, the Court first notes that in its Scheduling Order (DN 7), entered on December 5, 2014, it required Defendants to produce to Plaintiff "all records or documentation which are relevant to the claim(s) set forth in this complaint and have survived initial review" by April 24, 2015, and to certify to the Court that "production is complete."   In their response to this motion, Defendants state that Plaintiff has not only not made any discovery requests but that Plaintiff already has copies of all documents relevant to this action.  Thus, the Court will deny Plaintiff's second motion for granting summary judgment because he has not set forth a basis for granting such – specifically, that is he entitled to judgment as a matter of law.   However, the Court will consider Plaintiff's argument that he has not received relevant discovery under Fed. R. Civ. P. 56(f) in its analysis of Defendants' cross-motion for summary judgment.

## B.  Defendants' Cross-Motion for Summary Judgment

In their cross-motion, Defendants argue that they are entitled to summary judgment because Plaintiff has not shown that he suffered any harm as a result of Defendants' decision not to place him in protective custody after he told them that "his life [was] in danger" in the yard and that five inmates were charging him "yard taxes."  Defendants also argue that they are entitled to summary judgment because Plaintiff does not have a constitutional right to be placed in protective custody and that Defendants are entitled to summary judgment based upon qualified immunity.   In addition, Defendants attach three exhibits to their motion for summary judgment which establish how Defendants responded to Plaintiff's request for protective custody.

5

In his response to Defendants' motion for summary judgment, Plaintiff reiterates that his life is in danger and asks the Court to grant him an emergency transfer.[2] Plaintiff, however, attaches no exhibits to his response.[3] In their reply, Defendants state that Plaintiff's claim for injunctive relief in the form of an emergency transfer is moot because, on September 24, 2015, Plaintiff was "transferred from the Kentucky State Penitentiary to the Green River Correctional Complex, due to treatment needs that could be better met at that institution." (DN 24, Def.'s Reply, p. 1). Defendants also argue that Plaintiff's demand for monetary damages must fail because he has failed to show that he suffered actual harm.

The Court will first consider whether Plaintiff's contention that Defendants have not provided him with discovery precludes the Court from granting Defendants summary judgment and then determine whether Defendants are entitled to summary judgment.

## 1. Plaintiff's Fed. R. Civ. P. 56(f) Argument

As set forth above, Plaintiff contended, in his first motion for summary judgment (DN 18), that Defendants have "not sent any discovery" and have denied him "all copies of documents and all letters and depositions of all transcripts and any affidavits and declarations on dealing with this civil rights case." (Pl.'s Br., p. 1). In their response to that motion, Defendants stated that Plaintiff has not only not made any discovery requests but that Plaintiff already has copies of all documents relevant to this action.

Plaintiff's argument is governed by the summary judgment standard set forth in Federal Rule of Civil Procedure 56. Under Rule 56(b), "a party against whom relief is sought may move

---

[2] Because Plaintiff failed to file a timely response to Defendants' cross-motion for summary judgment, the Court issued an Order on September 1, 2015, giving him 21 days to respond. On September 21, 2015, Plaintiff filed a "Motion Concerning Legal Case Facts" (DN 23). The Court is construing this as Plaintiff's response to Defendants' cross-motion for summary judgment.
[3] This argument is no longer pertinent since Plaintiff returned to KSP no later than October 30, 2015 (DN 27, Notice of Change of Address).

at any time for summary judgment, with or without supporting affidavits, for summary judgment on all or part of a claim."  Fed. R. Civ. P. 56(b).  However, Rule 56(f), entitles the Court to deny a motion for summary judgment or order a continuance to enable further discovery when "a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(f).

Under this standard, Plaintiff's motion regarding discovery does not preclude the Court from granting summary judgment for Defendants because Plaintiff's motion does not constitute an affidavit, and, even if it did, the motion does not set forth the specific reasons that Plaintiff cannot present facts essential to supporting its opposition to summary judgment.  *See, e.g.*, *Short v. Oaks Corr. Facility*, 129 F. App'x 278, 281-82 (6th Cir. 2005) (applying Rule 56(f) requirements to *pro se* plaintiff where no discovery had been conducted).  In *Caevic v. City of Hazel Park*, the Sixth Circuit held that a party's Rule 56(f) affidavit must "indicate to the district court its need for discovery [and] *what material facts it hopes to uncover*."  226 F.3d 483, 488 (6th Cir. 2000) (emphasis added).  The Sixth Circuit has held that "a district court acts well within its discretion in denying a Rule 56(f) affidavit or motion when the document 'lacks any details or specificity.'"  *Farah v. Wellington*, 295 F. App'x 743, 747 (6th Cir. 2008) (*quoting Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).  Here, the Court finds that Plaintiff has failed to point to any specific evidence that discovery could uncover which would bear on Defendants' entitlement to summary judgment.

### 2.  Defendants Are Entitled to Judgment as a Matter of Law

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v.*

7

*Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for

vindicating federal rights, not a source of substantive rights itself, the first step in an action under

§ 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510

U.S. 266, 271 (1994).  The Court has construed Plaintiff's allegations as a "failure to protect"

claim under the Eighth Amendment.

The Eighth Amendment requires prison officials to "take reasonable measures to

guarantee the safety of the inmates" in their care.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)

(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)).  In order to establish liability under

the Eighth Amendment, Plaintiff must demonstrate that Defendants were deliberately indifferent

to "a substantial risk of serious harm."  *Farmer*, 511 U.S. at 828; *Greene v. Bowles*, 361 F.3d

290, 294 (6th Cir. 2004).  "To demonstrate deliberate indifference, an inmate must present

evidence from which a trier of fact could conclude 'that the official was subjectively aware of the

'risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'"  *Bowles*,

361 F.3d at 294.

Here, the evidence shows that with regard to his request for protective custody on

October 18, 2014 – the handling of which he specifically objects to in his complaint  - he was

placed in administrative segregation, in accordance with KSP policy, as soon as he notified KSP

officials that he sought protective custody.  The evidence also shows that KSP Internal Affairs

Department then conducted a timely investigation into Plaintiff's allegations regarding the five

named inmates who were supposedly charging him a "yard tax" and causing him to fear that his

life was in danger.  Ultimately, the KSP Internal Affairs Department could not substantiate

Plaintiff's allegations.  Accordingly, the KSP Classification Committee determined that Plaintiff

should not be assigned to protective custody at that time.  Plaintiff appealed this decision to both

the KSP Warden's Office and KDOC Classification Committee – both determined that Plaintiff should be released to the general population because his allegations could not be established as "credible or factual."  In addition, there is no evidence that Plaintiff suffered harm as a result of Defendants' failure to place him in protective custody.

The evidence also shows that Defendants acted similarly when Plaintiff filed subsequent requests for protective custody on December 3, 2014, and February 20, 2015.  The evidence further establishes that Plaintiff refused an offer of protective custody after he made a request for such.

Based on the above, the Court concludes that there is no genuine dispute as to any material fact and holds that Defendants are entitled to judgment as a matter of law.  Plaintiff  has failed to establish either the objective or subjective element required to succeed on an Eighth Amendment claim.   He has not established that he was "incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. at 834, or that Defendants were deliberately indifferent to his safety.  *Id*.  Rather, the evidence submitted by Defendants shows that officials acted reasonably when informed by Plaintiff about his fear of possible harm and did not disregard a risk to Plaintiff's life "by failing to take reasonable measures to abate it." *Id.* at 858.

Thus, the Court will grant Defendants' cross-motion for summary judgment.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motions for summary judgment (DN 17 & 18) are **DENIED** and Defendants' cross-motion for summary judgment is (DN 19) **GRANTED**.

Date:   February 26, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
        Counsel of Record
4416.011